## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**ROBERT A. DONATO**                                                           **PLAINTIFF**

**V.**                                   **NO. 4:21-CV-00657-BSM**

**ENKELKINDER, LLC; PLAZA
TIRE SERVICE, INC.;
TIMOTHY M. CAMPBELL;
RODOLFO REFUGIO JOSE MARIA; and
FLEETWASH, INC.**                                                           **DEFENDANTS**

### AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, all parties to the above-captioned action agree and consent to be bound by the following Protective Order to facilitate the exchange of discoverable information and, in particular, the production of documents and the service of discovery responses.  It is further understood and agreed by all parties that this Order will apply to documents that would be deemed confidential.  This Protective Order is intended to provide the parties with a permissible purpose for the production and/or use of such documents in this litigation.

1.        "Confidential Information," as used in this Order, shall mean any document believed by any party, in good faith, to be subject to a protective order pursuant to Rule 26(c)(1), and accordingly designated and marked "CONFIDENTIAL" by any party.  Confidential Information also includes any other information or documentation any party believes, in good faith, to contain Confidential Information and is produced pursuant to a subpoena served by any party to the case, and thereafter designated and marked as "CONFIDENTIAL" by any party.

2.        That the documents, materials, or information provided or produced by the parties will be identified as "CONFIDENTIAL" to show the fact that they are being produced or provided subject to a Protective Order.  The parties will comply with the mandate of

1

redaction if practicable before submitting a filing under seal as provided in Federal Rule of Civil Procedure 5.2.

3.     Except upon further Order of this Court, Confidential Information furnished in this Action shall be used or disclosed solely for purposes of this litigation and for no other reason.  The recipient of Confidential Information may disclose such information to:

a.     The parties;

b.     Counsel of Record and their legal assistants, secretaries, and support personnel who are directly employed by those attorneys and who are assisting them in this action;

c.     Any court reporter recording or transcribing testimony in this case;

d.     The Court before which this case is pending, including necessary court personnel, courtroom technicians, and jury members;

e.     Fact witnesses and prospective fact witnesses for depositions and trial in this case or for purposes of preparation therefore;

f.     Expert consultants or witnesses who may be called at trial in this case;

g.     Any other designated person upon the prior written consent of all parties to this case, or upon Order or ruling of the Court; and

h.     Any mediators.

4.     That any person who reviews "CONFIDENTIAL" information, documents, or materials shall be advised that they are bound by this Order and shall agree not to disseminate, divulge or discuss the information, documents or materials provided or produced to any person or entity not identified in paragraph (3) of this Order.

5.      Confidential Information shall be marked "CONFIDENTIAL." Designation shall be made by marking "CONFIDENTIAL" on each page of the documents produced. Efforts shall be made to prevent the designation from obscuring the text or content of any document or item so marked.

6.      Upon termination of this litigation, whether by settlement, judgment, or decision on appeal, counsel for each party shall upon request assemble and return all documents designated as "CONFIDENTIAL" that does not contain attorney notes or other attorney work product or certify that such material has been destroyed.

7.      The use of Confidential Information as evidence at trial shall be subject to such order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved.

8.      The parties reserve all rights to apply to the Court for an Order:

a.      Modifying this Order; or

b.      Seeking further protection against discovery or other use of Confidential Information or documents, transcripts, or materials reflecting Confidential Information.

9.      In the event a party disputes or objects to another party's classification of a document as "CONFIDENTIAL," counsel shall first confer to determine whether an agreement can be reached. In the event an agreement cannot be reached among the parties, the parties may seek the Court's help in resolving the dispute.

IT IS SO ORDERED this 9th day of September, 2022.


_____
HONORABLE BRIAN S. MILLER

3

Approved as to form:

**Ms. Erin Shea**
Snider & Horner, PLLC
9056 Stone Walk Pl, #200
Germantown, Tennessee 38138
Ph (901) 730-8880
Fx (901) 759-0041
eshea@kevinsnider.com

**Mr. Barrett S. Moore**
Blair & Stroud
P.O. Box 2135
Batesville, Arkansas 72501
Ph (870) 793-8350
Fx (870) 793-3989
bsm@blastlaw.com

**Mr. Reed Edwards**
Spicer Rudstrom, PLLC
425 W. Capitol Ave., Ste. 3175
Little Rock, AR 72201
PH 501-537-0845
FX 501-537-0853
redwards@spicerfirm.com

Approved as to form:

_____
**Ms. Erin Shea**
Snider & Horner, PLLC
9056 Stone Walk Pl, #200
Germantown, Tennessee 38138
Ph (901) 730-8880
Fx (901) 759-0041
eshea@kevinsnider.com

_____
**Mr. Barrett S. Moore**
Blair & Stroud
P.O. Box 2135
Batesville, Arkansas 72501
Ph (870) 793-8350
Fx (870) 793-3989
bsm@blastlaw.com

_____
**Mr. Reed Edwards**
Spicer Rudstrom, PLLC
425 W. Capitol Ave., Ste. 3175
Little Rock, AR 72201
PH 501-537-0845
FX 501-537-0853
redwards@spicerfirm.com